IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DARRIN WILLIAM MATT,<br><br>Petitioner,<br><br>vs.<br><br>PAT MCTIGHE; PAROLE BOARD; TIM FOX, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 18-153-H-DLC-JTJ<br><br><br>FINDINGS AND RECOMMENDTIONS OF UNITED STATES MAGISTRATE JUDGE |

This case comes before the Court on state pro se Petitioner Darrin William Matt's application for writ of habeas corpus under 28 U.S.C. § 2254.

Apparently after being found to have violated the conditions of his release, Matt was sentenced by in the Twentieth Judicial District, Lake County, to serve the remaining sixteen months of his underlying sentence in custody.  (Doc. 1 at 2-3.) Matt sought release on parole, but on December 13, 2018, his request was denied. See, (Doc. 1-1 at 5.)  Matt challenges the decision denying his release on parole and contends his sentence/current restraint is illegal and cites to a recent Montana Supreme Court decision for support. See, (Doc. 1 at 4, ¶13(A); 5 at ¶13(B)).  Matt asks this Court to order his release from custody.  *Id*. at 7, ¶16.

//

**I.    Background**

On January 31, 2018, the state district court revoked Matt's sentence for felony assault with a weapon and committed him to the Montana Department of Corrections (DOC) for the remainder of his sentence. Although the district court's oral pronouncement of sentence reflected the specific time imposed, the written judgment did not specify that Matt had sixteen months remaining on his underlying sentence. As a result of the lack of specificity, the DOC apparently incorrectly calculated Matt's parole eligibility and discharge dates. Matt attempted to correct the error with the state district court to no avail; Matt then sought relief at the Montana Supreme Court. See, *Matt v. McTighe*, OP 18-0544, Or. at 1 (Mont. Oct. 2, 2018).[1]

The Montana Supreme Court agreed with Matt and noted that the DOC could not properly recalculate Matt's sentence because the judgment did not provide a time-specific commitment stating exactly what sentence was handed down. *Id*. at 2. The Court granted Matt habeas relief and remanded the matter to the state district court for the sole purpose of amending the written judgment to reflect Matt was committed to the DOC for a term of sixteen months, beginning on January 31, 2018. *Id*. at 2-3.

---

[1] All state court orders and briefing available at: https://supremecourtdocket.mt.gov/ (accessed March 12, 2019).

According to the materials provided by Matt, he waived his May and July appearances before the Parole Board ("the Board"). (Doc. 1-1 at 2-3.) Matt sought endorsement for placement at a pre-release center and provided the Board with his parole plan. *Id.* at 5-8. As stated above, Matt appeared before the Board in December of 2018, but was denied parole. Matt was passed over to his discharge date and the Board recommended he obtain additional chemical dependency treatment.[2] The Board noted that it did not oppose Matt directly discharging his sentence from the Connections Corrections 60-day residential chemical dependency treatment program, if he were to complete the program.[3]

## II.   Analysis

A federal court, in conducting habeas review, is limited to deciding whether a state court decision violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011)(per curiam). Matt has not articulated the federal bases underlying his petition. As his first ground for relief, Matt simply states "Parole Board Decision," (doc. 1 at 4), while his second claim is "Illegal Sentence or Restraint." *Id.* at 5. As factual support for his first claim, Matt directs the Court to his attached parole plan; for his second claim Matt references the Montana Supreme Court's habeas decision "as

---

[2] See, Montana Board of Pardons and Parole December 2018 Dispositions, available at: https://bopp.mt.gov/Dispositions (accessed March 12, 2019).
[3] *Id.*

well as SB 63 SB 64." *Id*. at 5. The Court presumes Matt is referring to two Montana Senate Bills proposed during the 2017 legislative session that dealt with the revocation of deferred and suspended sentences, as well as the composition of and laws pertaining to the Montana Board of Pardons and Parole.[4] Neither of Matt's claims advance a violation of the United States Constitution. For purposes of this analysis, however, this Court assumes Matt is attempting to raise a due process violation.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that a state shall not "deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. Amend. XIV, § 1. Thus, to state a due process violation an individual must establish the existence of a constitutionally recognized liberty interest that is protected by the Due Process Clause and must demonstrate the procedures afforded the individual for the protection of the liberty interest were constitutionally deficient. *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).

It is well established that there exists no substantive federal right to release on parole, and "the only federal right at issue" in the context of habeas claims regarding parole hearings is a procedural right. *Swarthout v. Cooke*, 562 U.S. 216,

---

[4] See e.g., Montana 2017 Legislature Bills, available at:
https://leg.mt.gov/bills/2017/billhtml/SB0063.htm and
https://leg.mt.gov/bills/2017/billhtml/SB0064.htm (accessed March 12, 2019).

222 (2001). With respect to parole hearings an inmate is constitutionally entitled only to an opportunity to be heard, and a statement of reasons why parole was denied. *Swarthout*, 562 U.S. at 220. The "beginning and the end of federal habeas" analysis is whether the inmate received the minimal procedural protections required under the Due Process Clause. *Id*. Thus, any liberty interest Matt had to be considered for release would have to be grounded in state law.

It is undisputed the Matt appeared for a hearing before the Parole Board in December of 2018. Montana law allows the board to adopt any rules that it deems proper or necessary in relation to prisoners' eligibility for parole and the conduct of parole hearings. See, Mont. Code Ann. § 46-23-218(1)(2017). Matt was provided with the opportunity to be heard at his hearing before the Parole Board and was advised of the reasons for which the Board was denying his parole. As set forth above, it appears that the Board believed Matt would benefit from additional chemical dependency treatment. The Board noted that, should Matt engage in such treatment, it would not oppose his discharge directly from the treatment program. The fact that Matt is unhappy with the Board's decision does not create a federal interest. By virtue of the hearing itself, Matt was provided with the minimal procedural protections afforded to him under the Due Process Clause.

Further, any error that Matt claims in either the interpretation or application of Montana law by the Board or by the Montana Supreme Court fails because it is

not subject to review by a federal court. *See Mendez v. Small*, 298 F. 3d 1154, 1158 (9th Cir. 2002)("[a] state court has the last word on interpretation of state law")(citations omitted); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").

Because the Board had discretion to deny Matt parole under Montana law, Matt cannot prevail on a due process claim in this habeas action. Accordingly, his petition should be denied.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).

Matt has not made a substantial showing that he was deprived of a constitutional right and reasonable jurists would find no basis to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court makes the following:

### RECOMMENDATION

1. The Petition (Doc. 1) should be DENIED.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondent and against Petitioner.

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT
### TO FINDINGS & RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Matt may object to this Findings and Recommendation within 14 days.[5] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Matt must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 12th day of March, 2019.

*/s/ John Johnston*
John Johnston
United States Magistrate Judge

---

[5] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Matt is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.